**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC, | No. CV-18-00671-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Francisca Gonzalez Arvizu, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Application for Default Judgment by the Court (Doc. 17, Mot.), to which Defendant filed a Response (Doc. 19, Resp.) and Plaintiff filed a Reply (Doc. 20, Reply).

## I. FACTUAL BACKGROUND

Plaintiff G&G Closed Circuit Events, LLC was granted exclusive contractual rights to the nationwide distribution of a boxing match which aired on May 6, 2017 ("the Program"). (Doc. 1, Compl. ¶ 16.) Defendant Francisca Gonzalez Arvizu owns Taco Mich, a restaurant and bar in Phoenix. (Compl. ¶ 12.) In its Complaint, Plaintiff alleges that Defendant unlawfully intercepted and broadcast the Program at Taco Mich, and that the broadcast "resulted in increased profits for Taco Mich." (Compl. ¶¶ 11, 13.) Plaintiff seeks damages under Title 47 U.S.C. §§ 605(e) and 553. (Compl. ¶¶ 15–29.)

Plaintiff filed its Complaint on March 1, 2018 and executed service on Defendants Gonzalez Arvizu and Taco Mich on April 27, 2018. (Compl, Doc. 13.) Defendants failed to answer or otherwise appear in their defense. On May 14, 2018, Plaintiff filed an Application for Entry of Default (Doc. 14). The Clerk of Court entered default against

| | |
|---|---|
| 1 | Defendants on May 15, 2018 (Doc. 15). Plaintiff timely filed a Motion for Default |
| 2 | Judgment as to both Defendants on July 12, 2018 (Mot.). On July 30, Defendants filed a |
| 3 | Response (Resp.) Plaintiff then filed a Reply, arguing that because default has already been |
| 4 | entered, Defendants are barred from appearing or presenting evidence. (Reply at 2.) |

In their Response, Defendants allege that Plaintiff cannot prove its damages because it lacks supporting evidence. (Resp. at 2–4.) Defendants assert that Plaintiff's investigator, Amanda Hidalgo ("Hidalgo") misrepresented the events of May 6, 2017 in her affidavit in support of Plaintiff's allegation. (Resp. at 2.) Defendants argue that Hidalgo could not possibly have been at Taco Mich between 9:11 and 9:17 p.m. when she claims she saw the Program being unlawfully broadcast but then arrive at a different establishment seven miles away at 9:15. (Resp. at 2.) Defendant also argues that Plaintiff's contract with the third party ("Promoter") who conveyed to Plaintiff rights to nationally broadcast the Program, did not provide Plaintiff any rights to broadcasts of the Program in languages other than English. (Resp. at 3). Defendant alleges that, if the Program was broadcast at Taco Mich, it was in Spanish, and therefore Plaintiff would not have any rights to that broadcast. (Resp. at 3.)

In its Reply, Plaintiff responds to Defendants' two points, but argues in the alternative that "Defendant's Opposition should be disregarded in its entirety" because once in default, Defendants had no right to participate in the litigation. (Reply at 2.) Plaintiff seeks entry of default judgment in a total amount of $60,000 for violations of 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and (ii). (Mot. at 3.)

## II. LEGAL STANDARD

When a party against whom relief is sought fails to defend against the claim, the court may enter default against that party. Fed. R. Civ. P. 55(a). After entry of default, the other party may move for entry of default judgment, which will stand as a final judgment in the case. Fed. R. Civ. P. 55(b). But at either stage—entry of default or entry of default judgment—the party against whom default was entered has an avenue for relief. "The court may set aside an entry of default for good cause, and may set aside a final default judgment

under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) lays out specific grounds for relief, but "[t]he different treatment of default entry . . . by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Thus, while courts have held that the possible reasons for relief under Rule 55 and Rule 60 are roughly equivalent, "the standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default [judgment]." *Id.* And in any case, reaching entry of default judgment is "appropriate only in extreme circumstances [because] a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The party seeking to set aside entry of default under Rule 55(c) must show that any one of three factors favors their motion. *Franchise Holding II, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The three factors are: (1) whether the party against whom default was entered "engaged in culpable conduct that led to the default;" (2) "whether [that party] had a meritorious defense; or (3) whether reopening the default judgment would prejudice" the party in whose favor default was entered. *Id.* at 926. "As these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors [is] true.'" *Id.* (quoting *Amer. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

In order to justify vacating default on the grounds that it had a meritorious defense, the party so moving must "present the district court with specific facts that would constitute a defense." *Id.* (citing *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

**III. ANALYSIS**

Plaintiff is not misguided in its argument that Defendant's Response constitutes an argument on the merits that it is not normally permitted after default has been entered. (Reply at 2.) But Defendants are within their rights to seek relief under Rule 55(c), which governs when default has been entered but there is not yet a final default judgment. In substance, Defendant's Response comports with Rule 55(c) and addresses the appropriate

factors that the Court considers when ruling on a Motion to Set Aside Default. Thus, the Court will treat Defendant's Response as a Motion to Set Aside a Default under Rule 55(c) and will treat Plaintiff's Reply as a Response to that Motion.

Defendants need only show that one of the three factors outlined above justifies vacating default. Defendants seem to have only addressed the existence of a meritorious defense. Thus, the Court will not determine whether Defendants "engaged in culpable conduct that led to the default"[1] or "whether reopening the [default] would prejudice" Plaintiff. *Franchise Holding II, LLC*, 375 F.3d at 926.

Defendants assert two possible defenses. First, they argue that Plaintiff's investigator, Hidalgo, could not possibly have been at Taco Mich from 9:11 to 9:17 if she arrived at a second establishment by 9:15. (Resp. at 2–3.) Second, Defendants argue that Plaintiff had no rights to a broadcast of the Program in Spanish, and thus Defendants could not have infringed upon Plaintiff's exclusive broadcast rights. (Resp. at 3.) The Court need not determine at this stage whether these defenses are winning arguments—only whether they are meritorious. The Court finds that Defendants did indeed allege sufficient facts to constitute a meritorious defense to Plaintiff's claim. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (requiring more than "a mere general denial without facts to support it" in order to set aside entry of default), *see also Haw. Carpenters' Trust Funds*, 794 F.2d at 513 (instructing that the meritorious defense requirement be "liberally interpreted when used on a motion for relief from an entry of default.").

## IV. CONCLUSION

Treated as a Motion to Set Aside Entry of Default, Defendants' Response presents facts that contradict Plaintiff's claims and collectively constitute a meritorious defense under Rule 55(c). The Court will vacate the entry of default and Defendant will file an Answer to Plaintiff's Complaint so that this case may be decided on its merits. Given that

---

[1] While Defendants did not need to address their potentially culpable conduct in order to justify vacating the entry of default, the Court acknowledges that Defendants' failure to answer Plaintiff's Complaint or participate in litigation prior to the entry of default might merit an award of sanctions if they cannot show good cause for their failure to defend against Plaintiff's claim.

entry of default in favor of Plaintiff is vacated, Plaintiff is not entitled to attorneys' fees and costs as a prevailing party at this time.

IT IS THEREFORE ORDERED denying Plaintiff's Motion for Default Judgment (Doc. 17).

IT IS FURTHER ORDERED vacating the Entry of Default (Doc. 15).

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiff's Complaint (Doc. 1) by February 20, 2019.

IT IS FURTHER ORDERED that Defendants shall show cause why they should not be sanctioned for failing to defend against Plaintiff's claims and forcing Plaintiff to incur the expense of filing its Motion for Default Judgment. Defendants shall show cause by February 13, 2019.

Dated this 5th day of February, 2019.

Honorable John J. Tuchi
United States District Judge